J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:     (888) 334-6499
E-mail:      jsstreet@ip-law-hawaii.com

DANE ANDERSON        9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:      dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR, | CIVIL NO. 16-00544 |
| Plaintiff, | (Copyright Infringement) |
| vs. | COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"E" |
| THE O'CONNOR CORP., a Hawaii Corporation; O'CONNOR REALTY, LLC, a Hawaii Limited Liability Company; JAMES R. O'CONNOR, an individual; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, | |
| Defendants. | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENTS
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR, by his attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for his complaint alleges as follows:

### PARTIES

1.      Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a resident of the State of Hawaii.

2.      Upon information and belief, Defendant THE O'CONNOR CORP. is a Hawaii corporation with its principal place of business in Kilauea, Kauai.

3.      Upon information and belief, Defendant O'CONNOR REALTY, LLC is a Hawaii limited liability company with its principal place of business in Kilauea, Kauai.

4.      Upon information and belief, Defendant JAMES R. O'CONNOR is a resident of the State of Hawaii, is a licensed real estate broker and real estate salesperson in the State of Hawaii, is the president of Defendant THE O'CONNOR CORP., and is the sole member of Defendant O'CONNOR REALTY, LLC.

5.      JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE

ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorneys.  To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through, *inter alia*, interview of Plaintiff and inspection of the records in this matter.  When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

6.     This is an action for preliminary and permanent injunctive relief and damages arising from Defendant THE O'CONNOR CORP.'s, Defendant

O'CONNOR REALTY, LLC's, and Defendant JAMES R. O'CONNOR's

(collectively "Defendants") copyright infringements in violation of the United

States Copyright Act, 17 U.S.C. §§ 101 *et seq*. and violations of the Digital

Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

      7.    This Court has jurisdiction over the subject matter of this action

under 28 U.S.C. § 1331 and § 1338(a).

      8.    Venue is proper in this district under 28 U.S.C. § 1391(b) and

(c) and 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS

      9.    Defendants manage and control a commercial website, at

http://www.oconnor-hawaii.com, where customers can view information on

Defendants' real estate business and real estate listings.

      10.    Defendants managed and controlled a commercial website, at

http://www.oconnorrealtyllc.com, where customers could view information on

Defendants' real estate business and real estate listings.

      11.    Each photographic work at issue in this case is an original work

entitled to copyright protection pursuant to the copyright laws of the United States,

and each photographic work at issue is duly registered with the United States

Copyright Office.

12. The six (6) photographic works, image nos.: "K-44 Kalihiwai Beach"; "K-04-B Kilauea Lighthouse"; "A-01 Hammock NEW"; "K-06-B Wailua Falls Rainbow"; "K-41 Tunnels Beach"; and, "K-11 Spouting Horn-foliage" at issue in this case were created by Plaintiff, a professional photographer, who owns the copyrights to those works. The copyrights for those photographic works were registered with the United States Copyright Office as 1) VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011; and, 2) VA 1-696-552, effective December 17, 2009, and supplemented by form VA 1-432-820, effective June 20, 2011, in the name of Plaintiff, who has exclusive rights and privileges in those photographic works under the United States Copyright Act. True and correct copies of the Certificates of Registration that relate to those photographic works are attached hereto as Exhibit "A."

13. None of the said photographic works was a "work for hire."

14. Plaintiff incurred substantial time and expense in creating the photographic works at issue, and Plaintiff licenses those photographic works for commercial and other uses.

15. Plaintiff discovered that Defendants were using four (4) of his photographic works at issue, without obtaining licenses or consent from Plaintiff, on their commercial websites, as follows:

Image **"K-44 Kalihiwai Beach"** was used as a full background at:

*Page URLs:*
http://www.oconnor-hawaii.com
http://www.oconnor-hawaii.com/#!kilauea
http://www.oconnor-hawaii.com/#!about-us
http://www.oconnor-hawaii.com/#!agents-&-staff
http://www.oconnor-hawaii.com/#!listings
http://www.oconnor-hawaii.com/#!calculators
http://www.oconnor-hawaii.com/?_escaped_fragment_=kilauea

*Image URLs:*
http://0.static.wix.com/media/0caed5_945156aa6ca19c0fcf0d31817fe070c2.jpg
(1,920 x 1,080 pixels)
http://0.static.wix.com/dicons/0caed5_20ac2e979c0cdf30255b28bb549f90a5.wix_
doc_ico   (328 x 220 pixels)

Image **"K-04-B Kilauea Lighthouse"** was used as a full background at:

*Page URL:*
http://www.oconnor-hawaii.com/#!kilauea

*Image URL:*
http://0.static.wix.com/media/2f53a803c1d8acb5432579764dabb934.wix_mp
(1,280 x 960 pixels)

Image **"A-01 Hammock NEW"** was used as a background at:

*Page URL:*
http://www.oconnorrealtyllc.com

*Image URL:*
http://cdn2.media.zp-cdn.com/7743/An-Empty-Hammock-Kauai-Hawaii-76fae9-
1000x750-44c533-1000x420-85e743.jpg   (1,000 x 420 pixels)

Image **"K-06-B Wailua Falls Rainbow"** used as a full background at:

*Page URL:*
http://www.oconnorrealtyllc.com

*Image URL:*

http://cdn2.media.zp-cdn.com/7743/waterfalls-cd827b-1000x750-ae0bd6-
1000x420-aafe40.jpg   (1,000 x 420 pixels)

Defendants used these photographic works without obtaining licenses or consent

from Plaintiff, thus violating his exclusive rights as the copyright owner to

reproduce, adapt, display, distribute, and/or create derivative works under 17

U.S.C. §§ 101 *et seq*.  A true and correct copy of each of these photographic works

registered by Plaintiff along with copies of Defendants' infringing uses are

attached hereto as Exhibit "B."

      16.    On January 29, 2014, Plaintiff gave notice to

Defendants O'CONNOR REALTY, LLC and JAMES R. O'CONNOR of the

copyright infringements described in paragraph 15, demanded that they cease and

desist, and attempted to resolve the claims by requesting that they pay monetary

damages for those infringements.

      17.    Despite the cease and desist demand described in paragraph 16,

Plaintiff subsequently learned that Defendants continue to use two (2)

photographic works, as follows:

Image **"A-01 Hammock NEW"** continues to be used at:

*Image URL:*
http://cdn2.media.zp-cdn.com/7743/An-Empty-Hammock-Kauai-Hawaii-76fae9-
1000x750-44c533-1000x420-85e743.jpg   (1,000 x 420 pixels)

Image **"K-06-B Wailua Falls Rainbow"** continues to be used at:

*Image URL:*

http://cdn2.media.zp-cdn.com/7743/waterfalls-cd827b-1000x750-ae0bd6-
1000x420-aafe40.jpg   (1,000 x 420 pixels)

Defendants continue to use these photographic works, without obtaining a license

or consent from Plaintiff, with notice of his copyrights, and in disregard for his

demand that they cease and desist, violating his exclusive rights as the copyright

owner to reproduce, adapt, display, distribute, and/or create derivative works under

17 U.S.C. §§ 101 *et seq*.; Defendants continued uses thus constitute willful

copyright infringements.  Copies of screenshots of Defendants' continuing

infringing uses are attached hereto as Exhibit "C."

18.   Following Plaintiff's cease and desist notice, described in

paragraph 16, Plaintiff further discovered that Defendants were using two (2)

additional photographic works owned by Plaintiff, without obtaining licenses or

consent from Plaintiff, on their commercial website, as follows:

Image "**K-41 Tunnels Beach**" was being used at:

*Page URLs:*
http://www.oconnor-hawaii.com/#!bar/c16fk
http://www.oconnor-hawaii.com/#!HAENA/zoom/c16fk/image222s

*Image URL:*
http://static.wixstatic.com/media/0caed5_31430543806b443f869a933648198d02.j
pg_srb_p_600_375_75_22_0.50_1.20_0.00_jpg_srb   (500 x 375 pixels)

Image "**K-11 Spouting Horn-foliage**" was being used at:

*Page URLs:*
http://www.oconnor-hawaii.com/#!bar/c16fk

http://www.oconnor-
hawaii.com/#!KOLOA%20/%20POIPU/zoom/c16fk/image1vn9

*Image URL:*
http://static.wixstatic.com/media/0caed5_54b0a2755050476e842abc9dc0d4ecec.jp
g_srb_p_600_300_75_22_0.50_1.20_0.00_jpg_srb     (400 x 300 pixels)

Defendants used these photographic works without obtaining licenses or consent

from Plaintiff, thus violating his exclusive rights as the copyright owner to

reproduce, adapt, display, distribute, and/or create derivative works under 17

U.S.C. §§ 101 *et seq*.  A true and correct copy of each of these photographic works

registered by Plaintiff along with copies of Defendants' infringing uses are

attached hereto as Exhibit "D."

      19.    On November 24, 2015, Plaintiff gave notice to

Defendants of the copyright infringements described in paragraphs 17 and 18,

demanded that they cease and desist, and again attempted to resolve the claims by

requesting that they pay monetary damages.

      20.    Despite the second cease and desist demand described in

paragraph 19, Plaintiff subsequently learned that Defendants continue to use those

two (2) photographic works, images "K-41 Tunnels Beach" and "K-11 Spouting

Horn-foliage", as follows:

Image **"K-41 Tunnels Beach"** continues to be used at:

*Page URLs:*
http://www.oconnor-hawaii.com/bar
http://www.oconnor-hawaii.com/bar?lightbox=image222s

*Image URL:*
https://static.wixstatic.com/media/0caed5_31430543806b443f869a933648198d02.j
pg/v1/fill/w_600,h_450,al_c,lg_1,q_90/0caed5_31430543806b443f869a93364819
8d02.jpg   (600 x 450 pixels)

Image **"K-11 Spouting Horn-foliage"** continues to be used at:

*Page URLs:*
http://www.oconnor-hawaii.com/bar
http://www.oconnor-hawaii.com/bar?lightbox=image1vn9

*Image URL:*
https://static.wixstatic.com/media/0caed5_54b0a2755050476e842abc9dc0d4ecec.j
pg/v1/fill/w_560,h_420,al_c,lg_1,q_90/0caed5_54b0a2755050476e842abc9dc0d4
ecec.jpg   (560 x 420 pixels)

Defendants continue to use these photographic works without obtaining a license
or consent from Plaintiff, with notice of his copyrights, and in disregard for his
demand that they cease and desist, violating his exclusive rights as the copyright
owner to reproduce, adapt, display, distribute, and/or create derivative works under
17 U.S.C. §§ 101 *et seq*.; Defendants' continued uses thus constitute willful
copyright infringements.  Copies of screenshots of Defendants' continuing
infringing uses are attached hereto as Exhibit "E."

      21.    Plaintiff's copyrighted photographic works at issue, where they
are legitimately available for commercial licensing, bear his copyright
management information in the form of a "Vincent K. Tylor" signature at the
bottom corner of each photographic work at issue.

      22.    Upon information and belief, Defendants intentionally

removed or altered Plaintiff's copyright management information from his photographic works at issue for Defendants' commercial uses, as described herein, without Plaintiff's authority or the authority of the law, and/or Defendants distributed their infringing uses of Plaintiff's photographic works at issue, knowing that Plaintiff's copyright management information had been removed or altered without his authority or the authority of the law and knowing that they do not own the photographic works.  True and correct copies of Plaintiff's photographic works at issue containing his copyright management information along with copies of screenshots of Defendants' infringing uses of the works with Plaintiff's copyright management information removed are shown in Exhibits "B" through "E".

23.    Defendant JAMES R. O'CONNOR is vicariously liable, if not directly liable, for the said copyright infringements and/or removal or alteration of copyright management information associated with the photographic works at issue because, upon information and belief, as the president of Defendant THE O'CONNOR CORP. and sole member of Defendant O'CONNOR REALTY, LLC, Defendant JAMES R. O'CONNOR thus enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and/or removal or alteration of copyright management information associated with the photographic works at issue, as described herein.

24.    Defendants' continual disregard for Plaintiff's copyrights

necessitates legal action.

## FIRST CAUSE OF ACTION:
## <u>COPYRIGHT INFRINGEMENTS</u>

25.    Plaintiff restates and realleges each of the allegations contained in paragraphs 1-24 as if fully stated herein.

26.    Plaintiff has all rights, title, and interest in the copyrights to the photographic works at issue as holder and owner of the copyrights, the use of which has not been licensed to Defendants.

27.    Defendants have misappropriated Plaintiff's copyrighted photographic works at issue with knowledge that the photographic works did not belong to Defendants and that they do not have license or consent from Plaintiff; Defendants thereby engaged in, and continue to willfully engage in, unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted photographic works on Defendants' commercial websites, without obtaining licenses or consent from Plaintiff and in disregard for Plaintiff's copyrights and cease and desist demands.  Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. for which Defendants are directly, contributorily, and/or vicariously liable, jointly, severally or in the alternative.

28.    Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing,

and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

29.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

30.     Defendants' unlawful use of copies of Plaintiff's photographic works have diminished the value of the original photographic works by displaying copies without identifying the photographic works as being the exclusive property of Plaintiff.

31.     Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

32.     Because Defendants are using Plaintiff's copyrighted photographic works without license or consent, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

33.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

34.     Plaintiff is entitled to recover from Defendants the damages he has sustained as a result of these wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement.

35.     Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

36.     Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of Plaintiff's copyrights.

37.     Plaintiff is further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

38.     Plaintiff restates and realleges each of the allegations contained in paragraphs 1-37 as if fully stated herein.

39.     Defendants intentionally removed or altered copyright management information from association with Plaintiff's photographic works at issue for their said uses, and/or distributed copies of those photographic works at issue knowing that Plaintiff's copyright management information had been

14

removed or altered, without the authority of Plaintiff or the law, knowing, or having reasonable grounds to know, that the removal or alteration, and/or distribution, would induce, enable, facilitate, or conceal infringement of copyright.

40.   Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for which Defendants are liable jointly, severally, or in the alternative.

41.   Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

42.   Plaintiff is entitled to recover from Defendants the actual damages suffered by him and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages.  Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

43.   Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of 17 U.S.C. § 1202.

44.   Plaintiff is further entitled to costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A.    That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.    That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the photographic works at issue, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.    That Defendants be required to pay such damages as Plaintiff has sustained and any profits Defendants have gained in consequence of Defendants' unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D.    That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E.    That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, October 4, 2016.

/s/ J. Stephen Street
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT KHOURY TYLOR